UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jean Carlos Cruz**, #22514-069,       ) | **C/A No. 0:05-2428-RBH-BM** |
| ) | |
| Petitioner,    ) | |
| ) | |
| vs.       ) | Report and Recommendation |
| ) | |
| United States of America; and    ) | |
| John J. Lamanna, Warden at FCI-Edgefield,    ) | |
| ) | |
| Respondents.    ) | |

_____

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be

1



true. *See* <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, this Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## <u>Discussion</u>

Petitioner is currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina, serving a 423-month sentence on drug/firearm-related convictions from the United States District Court of Puerto Rico. *See* <u>United States v. Cruz</u>, Criminal Action No. 01-717 (HL). He has responded to special interrogatories propounded by the Court, acknowledging that he filed an unsuccessful motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court in 2004. That motion was denied on the merits on July 26, 2005. *See* <u>Cruz v. United States</u>, 3:04-cv-2422.[1] Petitioner did not appeal the denial of his § 2255 motion. Instead, within one month of the denial of the § 2255 motion, Petitioner filed the § 2241 Petition in this case. Petitioner acknowledges that he filed this case without seeking permission from the First Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court. *See* Petitioner's Answers to the Court's Special Interrogatories, answer 3 (Entry 4).

In the § 2241 Petition filed in this case, Petitioner, as he did in his initial § 2255 motion, seeks to argue the alleged invalidity of his conviction under Count 5 of his criminal indictment, and

---

[1] Petitioner's § 2255 motion raised arguments that "Count Five related to a violation to 18 U.S.C. §924(c) should be dismissed for it charged two (2) separate offenses; counsel was ineffective for failing to object to jury instructions related to said §924(c) offense which omitted an essential element of the offense and for failing to raise petitioner's right to be present in court when the presiding judge responded to a jury question." District of Puerto Rico's Report and Recommendation, at 1 (Doc. 11).



asks that this Court: " . . . issue an order vacating his conviction under count five (5) of the indictment." Petitioner submits the following arguments in support of his request for relief:

1. Petitioner's conviction and sentence under count five (5) of the indictment must be vacated because the trial judge constructively amended the charged offense during his final jury instructions.

2. Petitioner's conviction and sentence under count five (5) of the indictment cannot constitutionally and jurisdictionally stand, and must be vacated – because this count failed to charge a federal offense.

3. Count five (5) of the indictment is jurisdictionally defective because it failed to allege offense had effect on interstate commerce for the establishment of federal prosecutorial jurisdiction over crime.

4. The trial judge reasonable doubt jury instructions as to count five (5) of the federal indictment was constitutionally and jurisdictionally defective – as to the possess a firearm in furtherance of a drug trafficking crime.

5. Petitioner is actual and factual innocent of possessing a firearm in furtherance of a drug trafficking crime, and aiding and abetting his alleged two co-defendants of same. In violation of 18 U.S.C. § 924 (c)(1)(A) Fed.R.Crim.Proc., (2001, Ed.).

The Petition for Writ of Habeas Corpus under § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under § 2255, not § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See* In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Nevertheless, since the passage of § 2255, § 2241 has been

3



resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case.

For example, relief under § 2241 has been found available in actions challenging the administration of parole, *see* Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see* McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see* United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See* Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991). In other words, § 2241 remains an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence itself is being challenged. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) ["a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."]; *see* Atehortua v. Kindt, 951 F.2d at 129-30.

Petitioner's allegations about a defective indictment, improper jury instructions, and insufficient evidence of guilt all go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where § 2255 is either an inadequate or ineffective remedy for those issues. *See* In re Vail; Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL



734453 (10th Cir., Sept. 21, 1999)(same); <u>Onaghise v. Bailey</u>, 1999 WL 613461 (9th Cir., Aug. 12,

1999)(same).  However, it is settled in this circuit that the possibility that a second § 2255 petition

filed by Petitioner in the District of Puerto Rico might be found untimely or successive does not

render the § 2255 remedy inadequate or ineffective.  *See* <u>In Re Vial</u>, 115 F.3d 1192, 1194 n. 5

(4th Cir. 1997)(*en banc*).  Petitioner does not even make an "ineffective or inadequate" argument

in either his Petition or the attached Memorandum in this case, but even if he did attempt such an

argument, it should be summarily rejected because, under the facts shown, Petitioner cannot, in

good faith, claim that the § 2255 remedy is "inadequate or ineffective" because he is unable to file

another § 2255 Petition with the sentencing court.  He is unable to make such a claim because

he did not even appeal the denial of his initial § 2255 motion, nor has he asked the First Circuit

Court of Appeals to consider whether he should be permitted to file a second §  2255 motion.[2]

This Court cannot overrule the District of Puerto Rico or the First Circuit, and Petitioner's failure

to pursue available and appropriate statutory procedures to have his arguments considered in the

proper forum indicates that his current §  2241 Petition  was filed in an attempt to circumvent the

requirements of the AEDPA.

Finally, Petitioner's unsupported statement that he "was/is actually innocent" of the firearm

crime for which he was convicted and sentenced does not require this Court to consider the merits

of his Petition.[3]  Cognizable claims of "actual innocence" are extremely rare and must be based

---

[2] Petitioner seeks to excuse this procedural failure on his part by stating in his answers to special interrogatories that he did not request permission "[b]ecause I don't meet the requirements to file a second or successive motion in the case at bar."  The undersigned does not believe that Petitioner can convincingly make such a broad statement (basically a finding of law) without having first submitted the issue to the appropriate court of appeals for a decision.

[3] This "actual innocence" assertion appears to the be the most recent "alternative" to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive an improper "second bite of the apple" by filing §  2241 petitions collaterally attacking convictions and

5



on "factual innocence not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial § 2255 motion is also unsuccessful, but where the petitioner wishes to file a second or successive pleading to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." <u>Cornell v. Nix</u>, 119 F.3d 1329, 1333 (8th Cir. 1997).

In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See* <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); <u>Thompson v. United States</u>, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional



sentences following unsuccessful initial § 2255 motions.

6



review of a conviction under § 2241).   In sum, nothing in this case presents more than an unsupported allegation of "actual  innocence ", which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause."  United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir.  2000).

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.


Respectfully submitted,


Bristow Marchant
United States Magistrate Judge

November 23, 2005
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>&</u>**
The **<u>Serious Consequences</u>** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976); <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992); <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard,</u>, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
