UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jean Carlos Cruz, # 22514-069, ) | C/A No. 0:05-2428-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| United States of America; and John J. ) | |
| Lamanna, Warden at FCI-Edgefield, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, a federal inmate at FCI-Edgefield, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on August 25, 2005. Petitioner is serving a 423 month sentence on drug and firearm related convictions that was entered by the United States District Court for the District of Puerto Rico in 2002. Petitioner contends that his conviction and sentence under Count 5 of the Indictment should be vacated on the basis of alleged errors in the jury charge; a defective indictment, and actual innocence.

Petitioner previously filed a 28 U.S.C. § 2255 motion to vacate his sentence before the United States District Court for the District of Puerto Rico which was denied. No appeal was taken from the denial and petitioner has not requested permission from the First Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court.[1]

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes

---

[1] Under AEDPA, permission of the appropriate circuit court of appeals must be obtained before filing a second or successive § 2255 motion. Such permission may be granted only if the claim presents newly discovered evidence or a new rule of constitutional law that applies to the case was made retroactive. 28 U.S.C. § 2255.

1

before the court with the Report and Recommendation of United States Magistrate Bristow Marchant filed November 23, 2005. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1),

Based on his review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed without prejudice because petitioner's claims of faulty indictment, improper jury instructions, and insufficient evidence of guilt, all go to the underlying validity of the conviction and sentence rather than to the execution of the sentence and are thus cognizable under § 2255. Further, the Magistrate Judge found that the petitioner has not adequately shown that the § 2255 remedy is ineffective or inadequate to address the "actual innocence" claim he seeks to raise. As such, the Magistrate Judge recommended that the petition be dismissed without prejudice and without requiring the respondents to file a return.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Petitioner timely filed objections to the Report and Recommendation on December 7, 2005.[2]

The Magistrate Judge recommended dismissal pursuant to the provisions of 28 U.S.C. §§

---

[2] Consistent with the provisions of the Civil Justice Reform Act, this case was not listed on the aging reports provided to the undersigned.

2

1915, 1915A and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA"). Section 1915A(a) provides a screening procedure as described as follows:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity.

28 U.S.C. § 1915A(a). The court is to dismiss a complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A federal prisoner may file a petition under § 2241 only where a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *See also United States v. Pregent*, 190 F.3d 279, 284 n.6 (4th Cir. 1999). As discussed below, the petitioner has failed to show that a § 2255 motion on the issues presented would be "inadequate or ineffective." Likewise, the allegations of faulty indictment, judge misconduct, and evidentiary errors all occurred prior to petitioner's conviction. The Fourth Circuit has previously held that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or . . . is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1992, 1994 n.5 (4th Cir. 1997). It is well settled in this Circuit that the possibility that a § 2255 petition filed by a petitioner in the District Court might be untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Petitioner asserts in his objections that § 2241 "requires nothing more than that the court issuing the writ have jurisdiction over the custodian" and that the Magistrate Judge has essentially overruled *Braden v. Kentucky*, 410 U.S. 484 (1973). Petitioner misunderstands the *Braden* case. The petitioner in *Braden* was serving a sentence in Alabama. He brought a habeas action under 28 U.S.C. § 2241,

3

asserting his right to a speedy trial on a Kentucky criminal matter which had been pending for three years. The issue before the Court was whether the District Court of Kentucky had jurisdiction over the matter since the petitioner was not physically present in Kentucky and Section 2241(a) provided that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The Court held the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id*. at 494-495. Therefore, the action was properly brought in Kentucky District Court. Petitioner's argument that *Braden* somehow requires this Court to entertain a Section 2241 case in spite of the fact that he has already unsuccessfully pursued a § 2255 case and has not requested permission to file a successive § 2255 motion lacks merit.

Petitioner also contends that, to adopt the Magistrate Judge's Report would constitute a denial of his equal protection and due process right to be heard. However, petitioner has already been heard on his arguments herein through his prior action under § 2255. Refusing to allow him to proceed also under § 2241 does not deny him due process or equal protection of the law.

Petitioner additionally asserts that the gatekeeping provisions of AEDPA do not apply to actions brought pursuant to 28 U.S.C. § 2241 but only to actions under §§ 2254 and 2255, citing *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The primary holding in *Jones* was that the gatekeeping provision of AEDPA, requiring an individual to obtain permission from the appropriate circuit court of appeals before filing a second or successive 2255 petition, could be applied retroactively where the petitioner did not show reliance on pre-AEDPA law. The petitioner's alternate argument was that § 2255 as amended by AEDPA was inadequate to test the legality of his detention and that he should therefore be allowed to file a habeas action under § 2241.

4

In *Jones*, the petitioner was attempting to have his 1993 sentence vacated based upon *Bailey v. United States*, 516 U.S. 137 (1995), which was decided after his unsuccessful § 2255 action. The Court denied petitioner's request for permission to file a second or successive 2255 motion under the provisions of AEDPA. However, it held that he was entitled to file a § 2241 action because § 2255, as amended by AEDPA, was inadequate or ineffective to test the legality of the conviction under the circumstances. The Court held that § 2255 is considered to be inadequate where "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law." *Id*. at 333-334.

In the case at bar, the petitioner has already filed a § 2255 action from which he did not even appeal. In fact, petitioner indicated in his answers to the court's special interrogatories (docket # 4) that he did not appeal from the denial of his § 2255 petition "because the issues set forth therein were meritless." Additionally, he has not even requested permission to file a successive § 2255 motion. Moreover, he has made no showing that a § 2255 action would be inadequate. Therefore, he cannot bring an action under § 2241 to challenge the jury charge and the indictment.

Finally, he asserts that he is actually innocent of the offenses and thus should be allowed to pursue a § 2241 action. This Court agrees with the analysis of this issue by the Magistrate Judge and finds that the petitioner's "bare allegations" of actual innocence are not sufficient to "invoke exceptional review of a conviction under § 2241." (Report and Recommendation, pp. 6-7).

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The

5

court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is **DISMISSED** *without prejudice* and without requiring the respondents to file a return.

**IT IS SO ORDERED.**

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

January 31, 2007  
Florence, South Carolina